HINKLEY *versus* GILLIGAN *&* al.

The declarations of one co-partner, made after the dissolution of the co-partnership, concerning facts that had occurred prior to the dissolution, may be received in evidence to charge the partnership.

ON FACTS AGREED.

ASSUMPSIT against the three members of a co-partnership, which had been dissolved before the date of the writ.

Norton, one of the defendants, having removed from the State, the plaintiff discontinued as to him, because no service had been made upon him. After the commencement of the suit, Norton acknowledged in writing that the debt was justly due from the partnership.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, and APPLETON, J. J., was drawn up by

RICE, J. — The only question presented for consideration in this case is whether the admissions of Norton, were competent testimony for the plaintiff. The case finds that Norton and the defendants, during the summer of 1848, and

covering the time of the charges in the writ, were co-partners.

It has been held by this Court that the declarations of one co-partner, made after the dissolution of the co-partnership, concerning facts which transpired previous to that event, may be received to charge the partnership. *Parker* v. *Merrill*, 6 Maine, 41. According to the agreement of the parties a default is to be entered.

*McCrillis* and *Crosby*, for the plaintiff.

*Mudgett*, for the defendants.